Minute Order Form (06/97)

JSG

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4349 | **DATE** | 10/20/2000 |
| **CASE TITLE** | Sandra Donnelly vs. Great American Cash Advance of Illinois, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants Defendants' motion to compel arbitration (Doc. No. 5-1), denies Plaintiff's motion for class certification (Doc. No. 3-1) as moot, and dismisses all claims brought by Plaintiff without prejudice pending arbitration. *See Thompson*, 2000 WL 45493 at *5. Plaintiff's motion for designation of relatedness (Doc. 0-1) has already been denied by Judge Bucklo and is therefore stricken. Plaintiff's motion to disqualify (Doc. No. 15-1) is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 23 2000 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/20/2000 | |
| | | 00 OCT 20 PM 5: 47 | date mailed notice | |
| ETV | courtroom deputy's initials | | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA DONNELLY, )
)
Plaintiff, )
)
v. ) No. 00 C 4349
)
GREAT AMERICAN CASH )
ADVANCE OF ILLINOIS, INC.; )
JARED A DAVIS; and A. DAVID DAVIS; )
)
Defendants. )

DOCKET
OCT 2 3 2000

MEMORANDUM OPINION AND ORDER

This case is another challenge to the practices of a "payday" lender. Plaintiff Sandra Donnelly, a resident of Chicago, Illinois, has brought suit against Defendant Great American Cash Advance of Illinois, Inc. ("GACA") for an alleged violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA") (Count I), and against GACA and its officers, Jared A. Davis and A. David Davis (collectively, "Defendants") for violations of the common law doctrine of unconscionability (Count II) and the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.* ("ICFA") (Count III). Plaintiffs now move to certify the following classes: all persons who signed a loan agreement with GACA in exchange for a postdated check on or after July 18, 1999 (Count I); all persons with Illinois addresses who obtained a loan from GACA at an annual percentage rate exceeding 400% on or after July 18, 1995 (Count II); and all persons with Illinois addresses who obtained a loan from GACA at an annual percentage rate exceeding 400% on or after July 18, 1997 (Count III). Defendants oppose class certification and move to compel arbitration of all claims as to all Defendants. For the

reasons set forth below, the court grants Defendants' motion to compel arbitration, denies Plaintiff's motion for class certification as moot, and dismisses all claims brought by Plaintiff without prejudice pending arbitration.

Plaintiff alleges that, on multiple occasions, she either obtained or "rolled over" payday loans from GACA. (Compl. ¶¶ 6, 7, 10.) Payday loans are short-term loans offered at very high interest rates (typically two weeks in duration and carrying annual percentage rates of over 400%). (Compl. ¶ 10.) At the time a payday loan is issued, the lender generally obtains a check, usually post-dated, from the borrower in order to facilitate repayment. (Compl. ¶ 11.) The full amount to be repaid is the "amount financed" plus the "finance charge" (more commonly known as interest). If the loan is not timely repaid, the lender may present the check for payment. (*Id.*) At the end of the two-week period, the borrower has the option of "rolling over" the loan for an additional two-week period by paying the interest. (Compl. ¶ 12.)

Plaintiff claims that certain lending practices employed by Defendants violate both federal and state law. When Plaintiff obtained her loan, however, she signed a standard "Deferred Presentment Agreement" ("DPA"). (*Id.*) Each DPA, including the one attached to Plaintiff's Complaint as Exhibit A, contains an arbitration provision which states in relevant part:

> Any claim, dispute or controversy (whether in contract, tort, or otherwise, whether pre-existing, present, or future, and including statutory, common law, intentional tort, and equitable claims) arising from or relating to this Agreement or application for this transaction or advertisements, promotions, or oral or written statements relating to this Agreement or the relationships

2

which result from this Agreement (including, to the full extent permitted by applicable law, relationships with third-parties who are not signatories to this Agreement or this Arbitration Provision) or the validity, enforceability, or scope of this Arbitration Provision or the entire Agreement (collectively "Claim"), shall be resolved, upon the election of you or us or said third-parties, by binding arbitration pursuant to this Arbitration Provision and the Commercial Arbitration Rules in effect at the time the Claim is filed. A party who has asserted a claim in a lawsuit in court may elect arbitration with respect to any claim(s) subsequently asserted in that lawsuit by any other party or parties. . . . There shall be no authority for any claims to be arbitrated on a class action basis. Further, an arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims. . . . At your request, we will advance the first $50 of the filing and hearing fees for any Claim which you may file against us. The arbitrator will decide whether we or you will ultimately be responsible for paying any fees in connection with the arbitration. Unless inconsistent with applicable law, each party shall bear the expense of their respective attorneys', experts' and witness fees, regardless of which party prevails in the arbitration. This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. Sections 1-16. The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized by law.

In their motion to compel arbitration, Defendants argue that Plaintiff is required to arbitrate each and every one of her claims pursuant to the DPA. They emphasize the DPA's requirement that "any claim, dispute or controversy . . . arising from or relating to this Agreement . . . shall be resolved, upon the election of you or us . . . by binding arbitration pursuant to this Arbitration Provision and the Commercial Arbitration Rules in effect at the time the Claim is filed." The arbitration requirement is reciprocal and Defendants pay a portion of the fees for arbitration initiated by borrowers. It cannot be disputed that Plaintiff's suit relates entirely to the DPA. Furthermore, about one month after it was filed, Defendants "elected" to arbitrate Plaintiff's claims by filing a motion to compel arbitration.

3

The arguments advanced by both Plaintiff and Defendants on this issue have been fully and adequately addressed in numerous, recent payday loan cases. *See, e.g., Brown v. Surety Finance Service, Inc.*, No. 99 C 2405, 2000 WL 528631 (N.D. Ill. Mar. 24, 2000) (plaintiff alleging violations of TILA and the Illinois Wage Assignment Act); *Thompson v. Illinois Title Loans, Inc.*, No. 99 C 3952, 2000 WL 45493 (N.D. Ill. Jan. 11, 2000) (plaintiff alleging violations of TILA, the ICFA, and the common law doctrine of unconscionability); *Dorsey v. H.C.P. Sales, Inc.*, 46 F. Supp. 2d 804, 807 (N.D. Ill. 1999) (plaintiff alleging violations of, *inter alia*, TILA and the common law doctrine of unconscionability). In general, the decisions in these cases demonstrate a strong presumption in favor of arbitration. In *Brown*, *Thompson*, and *Dorsey*, for example, the relevant loan agreements contained what the courts deemed to be enforceable arbitration provisions. Notwithstanding the plaintiffs' arguments that the arbitration provisions imposed prohibitive fees and/or conflicted with TILA's purpose by precluding class actions, the courts granted the defendants' motions to compel arbitration of *all* of the plaintiffs' claims. *See, e.g., Dorsey*, 46 F. Supp. 2d at 807 (N.D. Ill. 1999) ("Dorsey cannot escape her contractual obligation to arbitrate her disputes by now complaining about the cost."); *Thompson*, 2000 WL 45493 at *4 ("[C]ourts readily grant motions to compel arbitration of TILA disclosure violation claims").

The court adopts the reasoning of *Brown*, *Thompson*, and *Dorsey*. In doing so, it recognizes that Judge Bucklo of this court denied defendants' motion to dismiss the plaintiff's TILA, ICFA, and unconscionability claims in *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D. Ill. 2000). The defendants in *Van Jackson* did not move to compel

arbitration, and the court's decision seized upon that fact. *See id.* at 548 ("The plaintiffs assert that no one has elected to arbitrate anything, and the defendants do not deny this."). The present case, then, is clearly distinguishable because, to repeat, Defendants elected to arbitrate Plaintiff's claims by filing the very motion to compel arbitration which this court is now granting.

For the reasons stated above, this court grants Defendants' motion to compel arbitration (Doc. No. 5-1), denies Plaintiff's motion for class certification (Doc. No. 3-1) as moot, and dismisses all claims brought by Plaintiff without prejudice pending arbitration. *See Thompson*, 2000 WL 45493 at *5. Plaintiff's motion for designation of relatedness (Doc. 0-1) has already been denied by Judge Bucklo and is therefore stricken. Plaintiff's motion to disqualify (Doc. No. 15-1) is denied as moot.

ENTER:

Dated: October 20, 2000

REBECCA R. PALLMEYER
United States District Judge